**Richard CURRY, Plaintiff—Appellant,**

v.

**P.L. KERNAN, Warden;  et al.,
Defendants—Appellees.**

**No. 01–15169.**

**D.C. No. CV–94–00788–FCD.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Richard Curry, a California state prisoner, appeals pro se the district court's judgment in his 42 U.S.C. § 1983 action alleging that officials at California State Prison, Solano unconstitutionally prohibited him from viewing certain movies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and summary judgment. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam).  We affirm.

Because the prison's Operational Plan # 21 is reasonably related to a legitimate penological interest, we affirm the district court's dismissal of Curry's claim that Operational Plan # 21 is unconstitutional on its face. *See Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Because defendants submitted evidence that the decision not to show the movie Jungle Fever was reasonably related to a legitimate penological interest, and Curry failed to present evidence raising a genuine issue of material fact, the district court properly granted summary judgment on this claim. *See id.; Stefanow v. McFadden,* 103 F.3d 1466, 1472–75 (9th Cir.1996).

We affirm the district court's summary judgment on Curry's Equal Protection claim because Curry raised only conclusory allegations unsupported by any evidence that defendants acted with discriminatory intent. *See Freeman v. Arpaio,* 125 F.3d 732, 737 (9th Cir.1997).

AFFIRMED.

---

* Because this panel unanimously finds this case suitable for decision without oral argument, Curry's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.